UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JAMES NAPIER, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:21-cv-2363 |
| | ) |
| ORCHARD SCHOOL FOUNDATION, | ) |
| | ) |
| Defendant. | ) |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### Nature of the Case

1. This case is brought by plaintiff for gender discrimination pursuant to the Civil Rights Act of 1964 as amended, Title 42, United States Code, Section 2000e and related sections, and pursuant to the Civil Rights Act of 1991, Title 42, United States Code, Section 1981a, and related sections.

### Jurisdiction and Venue

2. This court has jurisdiction over the case pursuant to the Civil Rights Act, Title 42, United States Code, Section 2000e-5, pursuant to federal question jurisdiction, Title 28, United States Code, Section 1331, and pursuant to civil rights jurisdiction, Title 28, United States Code, Section 1343 (3) and (4).

3. Venue for this case lies with this court pursuant to Title 28, United States Code, Section 1391 for the reason that the Southern District of Indiana is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred and in which the Defendant maintains its principal place of business.

**Parties**

4. Plaintiff James Napier was at all times mentioned in this complaint a male citizen of the United States of America and the State of Indiana and a resident of the Southern District of Indiana.

5. Defendant Orchard School Foundation is a corporation doing business in the Southern District of Indiana at 615 West 64th Street, Indianapolis, Indiana.

**Facts**

6. In about July 2016, Plaintiff began working for the Defendant as the Middle School Director.

7. Plaintiff received good evaluations for his good work performance.

8. Plaintiff received compliments for his good work performance.

9. The Defendant failed to have effective policies against discrimination.

10. The Defendant failed to enforce effective policies against discrimination.

11. The Defendant failed to have effective procedures against discrimination.

12. The Defendant failed to enforce effective procedures against discrimination.

13. In about 2018, the Defendant began reducing the responsibilities of male managers and increasing the responsibilities of female managers.

14. The Defendant made statements on multiple occasions that there were too many male managers.

15. In about February 2019, the Defendant gave Plaintiff a good recommendation for a higher position with another employer.

16. In about February 2019, the Defendant made plans to lessen the administrative duties of

     the female mentee of the Plaintiff.

17. On about March 6, 2019, the Defendant notified Plaintiff that his contract would not be renewed for the 2019-2020 academic year as Middle School Director.

18. On about March 8, 2019, the Defendant announced that the female mentee of Plaintiff would assume the job duties of Plaintiff as Acting Middle School Director beginning the following academic year of 2019-2020.

19. The female mentee of Plaintiff had less experience and less work performance for the position than that of the Plaintiff.

20. The female mentee of Plaintiff stated that the Defendant should renew the contract of the Plaintiff as the Middle School Director, but the Defendant failed to do so, and the mentee had to become the Acting Middle School Director beginning the academic year of 2019-2020.

21. Statements to the Defendant from the faculty requested that the Defendant renew Plaintiff's contract as the Middle School Director, but the Defendant failed to do so.

22. Statements to the Defendant from the parents of students requested that the Defendant renew Plaintiff's contract as the Middle School Director, but the Defendant failed to do so.

23. On about April 8, 2019, Plaintiff complained about the sex discrimination to the United States Equal Employment Opportunity Commission ("EEOC").

24. By notice dated May 29, 2019, the EEOC mailed to Plaintiff a notice of right to sue within 90 days of receipt of the notice.

25. On August 21, 2019, Plaintiff filed a complaint of sex discrimination in the United States

District Court.

26. In about December 2019, the Defendant posted a job vacancy announcement requesting applications for the position of Middle School Director, the position that Plaintiff had held and the position in which Plaintiff's performance had been highly rated by the Defendant, by the faculty, by the Boards, by the parents, and by the community.

27. On about December 9, 2019, Plaintiff applied for the position of Middle School Director.

28. On December 20, 2019, Plaintiff served the Defendant with Plaintiff's Initial Disclosures in Plaintiff's lawsuit for discrimination.

29. The Defendant failed to interview Plaintiff for the position of Middle School Director, for which he had been highly rated by the Defendant.

30. On January 29, 2020, the Defendant wrote to Plaintiff that it had moved forward with other candidates in the selection process.

31. In about May 2020, the Defendant's website listed as the Middle School Director the name of Plaintiff's mentee, who had less experience for the position than Plaintiff.

32. As a result of the actions of the Defendant, Plaintiff has suffered lost back pay and benefits, front pay and benefits, lost future earnings, loss of reputation, lost job opportunities, humiliation, embarrassment, inconvenience, mental anguish, emotional distress, loss of enjoyment of life, attorney fees and costs, and other damages.

33. The Defendant stated that the 2020 failure to rehire Plaintiff was not included in his April 2019 EEOC charge.

34. The Defendant stated that Plaintiff needed to file a new EEOC charge for the Defendant's 2020 failure to rehire Plaintiff.

35. On about June 13, 2020, Plaintiff filed an EEOC charge of discrimination for the Defendant's failure to rehire Plaintiff.

36. By notice dated June 3, 2021, the EEOC mailed to Plaintiff a notice of right to sue within 90 days of receipt of the notice.

37. The Defendant has stated that the Defendant's 2020 failure to rehire Plaintiff is not included in Plaintiff's 2019 lawsuit.

38. Plaintiff has filed this 2021 lawsuit within 90 days of receipt of the 2021 notice of right to sue.

39. All conditions precedent to this lawsuit have occurred or been performed, and Plaintiff has timely filed his complaint in court within 90 days of receipt of the notice of right to sue.

## Count 1 -- Gender Discrimination

40. Plaintiff incorporates paragraphs 1 through 39 of this complaint.

41. The Defendant intentionally discriminated against Plaintiff with respect to his terms, conditions, and privileges of employment because of his sex, male, which is a violation of Title 42, United States Code, Sections 1981a, 2000e-2, 2000e-5, and related sections. WHEREFORE, Plaintiff demands back pay and benefits, front pay and benefits, lost future earnings, compensatory damages as are reasonable in the premises, punitive damages in an amount sufficient to punish the Defendant for its unlawful acts and sufficient to deter the Defendant and others in similar situations from committing similar unlawful acts in the future, interest, injunctive relief, the costs of this action, including reasonable attorney fees, and all other just and proper relief.

## Count 2 -- Retaliation

42. Plaintiff incorporates paragraphs 1 through 39 of this complaint.

43. The Defendant intentionally discriminated against Plaintiff with respect to his terms, conditions, and privileges of employment because he opposed and complained about sex discrimination, which is a violation of Title 42, United States Code, Sections 1981a, 2000e-3, 2000e-5, and related sections.

WHEREFORE, Plaintiff demands back pay and benefits, front pay and benefits, lost future earnings, compensatory damages as are reasonable in the premises, punitive damages in an amount sufficient to punish the Defendant for its unlawful acts and sufficient to deter the Defendant and others in similar situations from committing similar unlawful acts in the future, interest, injunctive relief, the costs of this action, including reasonable attorney fees, and all other just and proper relief.

## DEMAND FOR JURY TRIAL

Plaintiff, by counsel, demands a trial by jury for all issues in this case.

Respectfully submitted,

s/Richard L. Darst
Richard L. Darst, Attorney No. 4394-49
Cohen, Garelick & Glazier
8888 Keystone Crossing Blvd.
Suite 800
Indianapolis, IN 46240-4636
Telephone:   (317) 573-8888
Facsimile: (317) 574-3855
rdarst@cgglawfirm.com
*Attorneys for Plaintiff*